UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CR-3 CAS |
| | ) | |
| KHALIFA A. AHDNAHD, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on defendant's "Motion for Leave to File Out of Time Notice of Appeal." The motion will be denied for lack of jurisdiction.

"[T]he timely filing of a notice of appeal is both mandatory and jurisdictional." United States v. Anna, 843 F.2d 1146, 1147 (8th Cir. 1988). The procedure for filing a notice of appeal in a criminal case is governed by Federal Rule of Appellate Procedure 4(b), which states in pertinent part:

(1) Time for Filing a Notice of Appeal

    (A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
        (i) the entry of either the judgment or the order being appealed; or
        (ii) the filing of the government's notice of appeal.

    (B) When the government is entitled to appeal, its notice of appeal must be filed in the district court within 30 days after the later of:
        (i) the entry of the judgment or order being appealed; or
        (ii) the filing of a notice of appeal by any defendant.

. . . .

(4) Motion for Extension of Time. Upon a finding of excusable neglect or good cause, the district court may–before or after the time has expired, with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b).

The Eighth Circuit has interpreted Rule 4(b) to mean that a district court may consider motions by a defendant for an extension of time to file a notice of appeal "no later than forty days after judgment." United States v. Cheek, 761 F.2d 461, 462 (8th Cir. 1985). After the "forty day period expires, there is nothing that either a district court or a court of appeals can do to extend the time for filing a notice of appeal." Id.

The judgment in this case was dated April 2, 2008 and entered on April 3, 2008. See Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 37). Defendant's motion for extension of time was dated May 15, 2008, forty-two days after the entry of judgment, and received by the Court on May 22, 2008. In Houston v. Lack, 487 U.S. 255 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is "filed" when the inmate deposits it into an institutional mail system. This ruling is reflected in Federal Rule of Appellate Procedure 4(c)(1), which provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1).

Defendant's motion for leave to file a notice of appeal out of time does not contain either a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement concerning the date of deposit in the institutional mail system, and therefore does not meet the requirements of Rule 4(c)(1). The postmark on the envelope in which the motion was mailed is illegible. (See Doc. 40-2, at 5).

2

On the reverse side of the envelope is a stamp from the U.S. Penitentiary in Terre Haute, Indiana, which states that "[t]he enclosed letter was processed through special mailing procedures" and is stamped as "processed" on May 20, 2008. (Doc. 40-2, at 6).

Even if the Court were to assume that defendant deposited the motion in the institutional mail system on the day he signed it, May 15, 2008, the motion is untimely because it was signed and dated more than forty days after the entry of judgment. As a result, the Court concludes that it lacks jurisdiction to address defendant's motion for leave to file a notice of appeal out of time.[1] See Cheek, 761 F.2d at 462.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's "Motion for Leave to File Out of Time Notice of Appeal" is **DENIED** for lack of jurisdiction. [Doc. 40]

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of May, 2008.

---

[1] The Court notes that defendant has not submitted a Notice of Appeal.